FILED
5/8/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMARE EL BEY,

      *Plaintiff*,

v.

NATION STAR HECM, et al.,

      *Defendants*.

Civil Action No. 1:20-cv-01165 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant Plaintiff's application and dismiss the Complaint for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of federal courts is set forth generally at 28 U.S.C. §§ 1331 and 1332 and is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331–1332 (2018). A party seeking relief in the district court must at least plead facts establishing the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff resides in the District of Columbia. *See generally* Compl. He has brought suit against two Defendants with addresses in Indiana and Maryland, respectively. *See generally id.* Plaintiff alleges that the Maryland Defendant "broke into [his] domicile," damaged his property, and "removed all" of his items." *Id.* at 1. He accuses the Indiana Defendant of "a fraudulent

1

eviction." *Id*. Plaintiff does not state when and where those actions occurred, but he seeks a restraining order and $100,000 in damages. *See id*. at 2.

Plaintiff has neither identified the basis of federal jurisdiction nor alleged sufficient facts to state a federal claim against the seemingly private defendants. In addition, it is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of *residence* alone is insufficient to establish the *citizenship* necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Plaintiff has pleaded nothing about the Parties' citizenship to establish diversity jurisdiction. The Court will therefore dismiss this case and an Order will be entered contemporaneously with this Memorandum Opinion.

DATE: May 8, 2020

                                          CARL J. NICHOLS
                                          United States District Judge